BARRY J. PORTMAN
Federal Public Defender
GEOFFREY A. HANSEN
Chief Assistant Federal Public Defender
19th Floor Federal Building – Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant MINAHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL MINAHEN,<br><br>　　　　　Defendant. | No. CR-07 - 355 WHA<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

    The defendant asks this Court to sentence his in conformance with the Fed. R. Crim. P. 11(c)(1)(C) agreement in this case, to wit 86 ½ months in custody. This sentence in the middle of the guidelines for an Offense level 21, Criminal History Category VI, and is a fair sentence considering the facts of this case.

    Mr. Minahen is a 45 year old man who suffers from Post Traumatic Stress Disorder arising from both his military service and the deaths of his wife and child, and who has struggled with drug abuse virtually his entire life. This Court, having sentenced Mr. Minahen on his prior case, is certainly aware of the facts relating to his background, and knows that his drug abuse has caused him to violate the law on a number of prior occasions. Until his bank robbery conviction in 2002, however, Mr. Minahen had never been convicted of a violent offense, and even then the

bank robbery "did not involve violence." PSR at par. 55. He now stands before the Court to be sentenced on new bank robberies, and obviously will receive a significant sentence.

What this court may wish to consider in mitigation here is that Mr. Minahen was on the right road after he got out of prison this last time. From January 2007 until March 21, 2007, he was gainfully employed as a driver and manager at Trans Metro Express, and was making a good living. For reasons unclear, his employer discovered that he had been convicted of a prior federal offense, and he was immediately terminated. Mr. Minahen became depressed over losing his job, reverted to drug use, and robbed the banks at issue in this case to pay for his drug usage.

Although Mr. Minahen has no memory of having threatened the bank tellers in the banks he robbed, he wants the Court to know that he meant them no harm and was not armed during the offenses. Fortunately, one of the tellers reported that she suffered only some anxiety as a result of the robbery and the other reported no ill effects at all. PSR at par. 11. Again, although bank robbery is by its nature considered to be a violent offense, these robberies were not committed in a violent fashion by Mr. Minahen.

Both parties signed a plea agreement which failed to take into consideration the guideline enhancement for making an express threat of death. Mr. Minahen asks the Court to disregard that enhancement in this case. As a general matter, it has never been clear to undersigned counsel why this enhancement should apply in bank robbery cases – the crime requires that money be taken from a teller by force, fear or intimidation, which virtually always will involve some kind of threat. Where, as here, the defendant is unarmed and never placed the tellers in actual danger, the enhancement does not seem particularly relevant; in fact, the parties to this matter did not even consider that enhancement when negotiating the plea agreement.

Just as importantly, Mr. Minahen is looking at over 87 months in prison even without the enhancement. This is a very long and substantial sentence, and it hardly seems necessary to renegotiate the plea just to add the five months recommended by the Probation Officer.

As the Probation Report indicates, this is a very complex case and it is truly sad that M.r

SENTENCING MEMO                                    2

1 Minahen, who looked like he was heading for a new life, lost his job because of his record and
2 found himself back where he started. Nonetheless, a sentence of 87 ½ months is sufficient under
3 all of the factors contained in 18 U.S.C. § 3553(a), and Mr. Minahen asks that the Court impose
4 that sentence in this case.

6 Dated: September 5, 2007

        Respectfully submitted,

        BARRY J. PORTMAN
        Federal Public Defender

        /s/

        GEOFFREY A. HANSEN
        Chief Assistant Federal Public Defender